UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD TEAGUE,

                                              CASE NO. 14-CV-13637

                Plaintiff,               HONORABLE GEORGE CARAM STEEH

v.

MARY JANE M. ELLIOT, P.C.,

                Defendant.

_____/

OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS (DOC. #14)

Plaintiff Donald Teague alleges that defendant Mary Jane M. Elliot, P.C. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692a, *et seq.*, and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws §§ 339.901, *et seq.*, in attempting to collect a $3,817.71 debt from plaintiff. Because the evidence has shown that defendant never attempted to collect a debt from plaintiff, but instead attempted to collect a debt from *plaintiff's wife*, plaintiff does not have Article III standing. Particularly, plaintiff has not established a sufficient injury in fact. For the reasons explained below, the court lacks subject-matter jurisdiction and will, therefore, dismiss plaintiff's complaint without prejudice.

BACKGROUND

Defendant was retained by Midland Funding, LLC ("Midland") in April of 2010 to collect a debt owed to Midland by Debbie Teague ("Debbie"), plaintiff's wife. Midland is the assignee of Debbie's Citibank credit account in which Debbie was delinquent.

-1-

Defendant sent a letter to Debbie on May 7, 2014, informing her of the current balance owed on the delinquent Citibank account—$3,882.71—and that the account could accrue interest if left unpaid.  The letter further stated that Debbie could settle the account for 75% of the balance, i.e. one payment of $2,912.00.  Upon Debbie's request, defendant sent her a validation of the debt.

Because Debbie did not make a payment on the debt, Midland, through defendant, filed a state-court action in 68th Judicial District Court seeking to collect the debt.  The state-court lawsuit was filed in July of 2014.  Beginning in September of 2014, a lawyer employed by defendant and involved in the lawsuit against Debbie, Lisa Robinson-Martin ("Martin"), began receiving e-mail correspondence from plaintiff regarding the debt. Although the state-court lawsuit involved plaintiff's wife, it was plaintiff who was communicating with defendant.  Many of the e-mails sent from plaintiff to Martin involved name-calling.  For example, plaintiff referred to Martin as a "rude bitch" and a "slime ball," and he stated that "[I] will have my church pr[a]y for you."  In one e-mail, plaintiff told Martin that "without me any money judgment [against my wife] will be as good as bad toilet paper."  This is because, according to plaintiff, his wife does not have any assets.

Plaintiff filed this action in September of 2014, while the state-court collection action was pending, alleging violations of the FDCPA and MOC.  Plaintiff argues that defendant violated multiple sections of the FDCPA in attempting to collect a debt from him.  For instance, plaintiff argues that defendant, among other things, (1) falsely represented the character and amount of the debt; (2) threatened legal action against defendant when no such action could legally be taken; and (3) refused to validate the alleged debt owed. Relying on *Badeen v. Par*, *Inc.*, 495 Mich. App. 921; 843 N.W.2d 167 (2014), plaintiff also

argues that defendant violated the MOC because defendant allegedly is not a licensed debt collector in Michigan.  But plaintiff's allegations in the complaint refer to the debt defendant allegedly attempted to collect from plaintiff's wife.  The evidence adduced by defendant show that it never attempted to collect a debt from plaintiff, only plaintiff's wife.

Subsequent to filing this action, plaintiff filed a motion in the state-court action seeking to intervene as a defendant alongside his wife.  It is not clear from the papers how the court ruled on the motion, nor is the outcome of the state-court action explained. Apparently, the state-court action is still pending.  Plaintiff e-mailed Martin after filing the motion to intervene in the state-court action, stating, "[I] talked to a lawyer[.]  [Y]ou lied to me. [T]here is no reason you could not have with my agreement and yours added me as a defendant[.] [I] am sure the federal jury will love you would rather sue a sick woman than deal with her husband honorably."

Defendant's motion has been fully briefed and is ready for decision.  The court's analysis follows.

<u>LAW AND ANALYSIS</u>

Prior to addressing the merits of any given dispute, the court must determine whether it has Article III subject-matter jurisdiction.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).[1]  Article III, § 2 of the Constitution directs that "[t]he judicial Power

---

[1] Although defendant frames its motion to dismiss under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, it argues that plaintiff does not have standing to pursue this action, an attack on the court's subject-matter jurisdiction.  Even if defendant did not raise the issue itself, the court has an independent duty to ensure that it has subject-matter jurisdiction.  A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are . . . no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citation omitted).

shall extend" to all "Cases" and "Controversies."  The Supreme Court has explained "that the irreducible constitutional minimum of standing contains three elements," which the party invoking federal jurisdiction bears the burden of establishing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992).  Initially, the "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Id.* at 560 (internal citations omitted).  Next, "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Id.* (citation omitted).  Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (citation omitted).  At the summary judgment stage, where the factual basis for jurisdiction is attacked, it is not enough to rely on mere allegations to establish standing.  *Id.* The plaintiff "must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *Id.* (internal citation omitted).  *See also Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 573 (6th Cir. 2007).

Applying these elements to plaintiff, it is apparent that he lacks constitutional standing to pursue this action.  Plaintiff has not suffered an injury in fact.  Although the premise of the complaint is that defendant attempted to collect a debt from plaintiff, the uncontroverted evidence adduced by defendant has shown that the only debt defendant attempted to collect was from plaintiff's wife.  Indeed, plaintiff's response makes clear that this dispute involves defendant's attempt to collect a debt from his wife, not from him.  As

the Supreme Court recently explained, "[t]o have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" *Hollingsworth v. Perry*, __ U.S. __, 133 S. Ct. 2652, 2662 (2013) (citations omitted).  This means that the plaintiff "must possess a 'direct stake in the outcome' of the case." *Id.* (citation omitted).  Plaintiff lacks a direct stake in the outcome of this case.  He cannot maintain this action on behalf of his wife because an alleged injury to his wife is not a "personal and individual" injury to him.

The FDCPA was enacted to remedy "abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. §§ 1692(a), (e).  The statute allows "consumers" to bring actions against "debt collectors" for abusive and deceptive debt collection practices.  A consumer is defined as "any natural person *obligated or allegedly obligated to pay any debt*." 15 U.S.C. § 1692a(3) (emphasis added).  Like the FDCPA, the state-law MOC provides a cause of action for consumers injured by deceptive collection practices.  Mich. Comp. Laws § 339.916.  And like the FDCPA, the MOC defines a "consumer" as "a natural person *obligated or allegedly obligated to pay a debt*."  Mich. Comp. Laws § 339.901(f) (emphasis added).  Here, because plaintiff is not the "consumer" (his wife is), he does not have standing to assert his claims against defendant on behalf of his wife.  In other words, plaintiff's wife is the person allegedly obligated to pay a debt. Plaintiff's wife is the person from whom the defendant has been attempting to collect a debt.  The state-court action makes clear that defendant is seeking to enforce a debt against plaintiff's wife, not plaintiff.  Plaintiff cannot maintain this action on his wife's behalf. The alleged injury is felt by plaintiff's wife, not plaintiff.  The court, therefore, lacks subject-matter jurisdiction to proceed and must dismiss this action.

CONCLUSION

For the reasons stated above, the court GRANTS defendant's motion to dismiss.

Because the court lacks subject-matter jurisdiction, this case is DISMISSED WITHOUT

PREJUDICE.

IT IS SO ORDERED.

Dated:  January 28, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 28, 2015, by electronic and/or ordinary mail and also
on Donald Teague, 749 Bloor Avenue, Flint, MI 48507.

s/Barbara Radke
Deputy Clerk